IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO, N.A, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-586-MHT |
| | ) | |
| RICARDO PIERRE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 15, filed February 2, 2010).  Pending before the Court is Plaintiff's *Motion for Summary Judgment* (Doc. 19, filed February 23, 2010).  For good cause, it is the recommendation of the Magistrate Judge the Motion for Summary Judgment be granted.

### I.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

### II.   NATURE OF THE CASE AND MOTION FOR SUMMARY JUDGMENT

The underlying facts of this case are necessarily viewed in favor of the nonmovant *pro*

*se* Defendant.  Plaintiff, Wells Fargo Bank N.A. ("Wells Fargo" or "Plaintiff") is a national banking association with its principal place of business location in California.  *See* Doc. 1. Plaintiff initiated this lawsuit with a one count Complaint stating Defendant Ricardo Pierre ("Pierre" or "Defendant") defaulted on the terms of a loan agreement.  *Id*.  Specifically, on or about November 25, 2006, Pierre executed a loan agreement and Wells Fargo loaned Pierre $213,800 for the purchase of real property in Elba, Alabama which is located in Coffee County.  *Id*.; Doc. 19 at p. 1.  Pierre allegedly defaulted on the loan and owes Wells Fargo $209,618.61 in principal, plus prejudgment interest, attorney's fees and costs.  After numerous attempts to serve the defendant failed, this Court granted Wells Fargo's motion for service by publication.  *See* Doc. 6.  Pierre filed his *pro se* answer on December 15, 2009. *See* Doc. 10.

On February 23, 2010, Wells Fargo filed a motion for summary judgment.  *See* Doc. 19.  Wells Fargo asserts there are no material facts at issue thus making it entitled to judgment as a matter of law.  Specifically, Wells Fargo states the loan agreement called for monthly payments beginning January 15, 2007.  Pierre defaulted on the note and has not made payments since November 14, 2008.  *Id*.  The total amount owed as of February 5, 2010 was $228,569.71 with additional interest accruing at $20.61 per diem.  *Id*. at p. 1; *see also id*., Affidavit of Cheryl G. Cheng.  On February 19, 2010, the property securing the debt was foreclosed upon for $123,300.00, leaving the balance owed to be $105,558.27 as of that same date.  *Id*. at p. 1; *see also id*., Affidavit of David Quittmeyer.  Wells Fargo further

provides an accounting for the amount due plus interest as of the date of the summary judgment motion. *Id*. at p. 2. Finally, Wells Fargo requests $20,000 in attorney's fees. Thus, the total amount requested is $125,558.27.

The Court issued a briefing scheduling order for the summary judgment on February 23, 2010 wherein Defendant was given until March 26, 2010 to file a response. To date, no response has been filed. Based on all the above, the motion for summary judgment is ripe for this Court's review.

### III.   SUMMARY JUDGEMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id*. at 249. Only disputes about the material facts will preclude the granting of summary judgment. *Id.* at 249. A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine"

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *accord Greenberg v. Bell-South Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007); *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'"). Thus, the initial burden of proof rests on the movant. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177,

111 L.Ed.2d 695 (1990); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (conclusory assertions in absence of supporting evidence are insufficient to withstand summary judgment). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted) (emphasis in original). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511 (citations omitted). Thus, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*, 475 U.S. at 586 106 S.Ct. at 1356 (citations omitted).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *Johnson*, 263 F.3d at 1242-43. Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513; *see also McCormick*, 333 F.3d at 1243 (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an

element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted.  *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53.  In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.  *Id*. at 322, 106 S.Ct. at 2552.

In addition, all litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## IV.   DISCUSSION AND ANALYSIS

### A.    Deficiency

When an action brought is before a federal court pursuant to its subject matter jurisdiction under 28 U.S.C. § 1332, that court must employ the choice-of-law rules of the jurisdiction in which it sits in determining the proper law to apply in the case. *See, e.g., Klaxon Co. v. Stentor Elec. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Morris v. SSE, Inc.*, 912 F.2d 1392, 1394 n. 1 (11th Cir.1990); *see also Benchmark Med. Holdings, Inc. v. Rehab Solutions, LLC*, 307 F.Supp.2d 1249, 1258-59 (M.D. Ala. 2004) ("When a federal court decides a state law claim, whether acting pursuant to diversity or supplemental jurisdiction, it applies the choice-of-law rules of the jurisdiction in which its sits.").  Thus,

the Court looks to Alabama choice-of-law rules.  In a contractual dispute, Alabama law must

"first look to the contract to determine whether the parties have specified a particular

sovereign's law to govern."  *Stovall v. Universal Const. Co., Inc.*, 893 So.2d 1090, 1102

(Ala. 2004); *see also Clanton v. Inter.Net Global, L.L.C.*, 435 F.3d 1319, 1323 (11th Cir.

2006) (quoting *Stovall*).  In the case between Wells Fargo and Pierre, the contract provides

the following:

> All interest, fees and other amounts charged or accruing in connection with the
> Agreement which are considered "interest" within the meaning of Section 85
> of the National Bank Act (12 USC § 85); 12 CFR 7.4001(a)) shall be governed
> by and interpreted under South Dakota law.   In all other respects, the
> Agreement and all other related documents, as well as the rights, remedies, and
> duties of the Bank and the borrower(s), shall be governed and interpreted by
> federal law with respect to national banks.  To the extent that Bank has greater
> rights or remedies under federal law, the choice of state law will not be
> deemed to deprive Bank of the rights and remedies available under federal
> law.  If the Bank enforces its rights and/or initiates collection of any amounts
> that become due to Bank under the Agreement, to the extent that Bank has
> greater rights or remedies under the law of the forum state, the choice of state
> law will not be deemed to deprive Bank of rights and remedies available under
> the law of the forum state.

*See* Doc. 19, Exhibit B to Cheng Affidavit.  Pursuant to the contract language, Alabama

choice-of-law rules indicate that South Dakota law governs the interest related charges, but

all other matters are governed by federal law or Alabama law.

In considering an unopposed motion for summary judgment, the court "cannot base

the entry of summary judgment on the mere fact that the motion was unopposed, but, rather,

must consider the merits of the motion."  *United States v. One Piece of Real Prop. Located

at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  "The district court

need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id*. at 1101-02 (citations omitted).

In first looking to the appropriate law, the Court determines the breach of contract claim itself is covered by Alabama law, while the interest is covered by South Dakota law. To prevail on a breach of contract claim under Alabama law, the plaintiff must establish: (1) the existence of a valid contract binding the parties in the action, (2) its own performance under the contract, (3) the defendant's non-performance, and (4) damages. *Ex parte American Heritage Life Ins. Co.*, — So.3d — , — , 2010 WL 1170513, *2 (Ala. 2010) (citing *Congress Life Ins. Co. v. Barstow*, 799 So.2d 931, 937 (Ala. 2001)); *Shaffer v. Regions Fin. Corp.*, — So.3d — , — , 2009 WL 2723334, *6 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So.2d 100, 105 (Ala. 2002)). In this case, Wells Fargo has clearly met those four elements. The undisputed evidence establishes the debt, the default, and the deficiency. Specifically, the existence and terms of the loan are evidence by a Promissory Note dated November 25, 2006 and signed by Ricardo Pierre. *See* Doc. 19, Exhibit A to Cheng Affidavit. A review of the Promissory Note and attached Business Direct Purchase Advantage Disclosure contain all the terms agreed to by the parties. *See* Doc. 19, Exhibits A and B to Cheng Affidavit. This includes what occurs in the event of default. *Id*.

The uncontroverted affidavit of Cheryl G. Cheng, loan adjuster with Wells Fargo, clearly establishes that the loan is in default and Pierre has made no payments since November 14, 2008. *Id*., Cheng Affidavit. Cheng further avers that, as a result of the default, the total indebtedness as of February 5, 2010 was $228,569.73 which consisted of $209,618.61 in principal, $13,913.83 in accrued interest, $1,437.29 in late fees, and $3,600.00 in appraisal fees plus the $20.61 per diem interest for each date the note remains unpaid. *Id*. In addition, the foreclosure on the property was conducted in the usual and ordinary fashion. David R. Quittmeyer, submits an uncontroverted affidavit which establishes that after sending notice to Pierre and advertising the sale pursuant to state law, he conducted a foreclosure sale of the real estate securing the loan. *See* Doc. 19, Quittmeyer Affidavit. More specifically, notice of the foreclosure sale was published in The Elba Clipper, a newspaper of general circulation published in Coffee County, Alabama on January 28, 2010, February 4, 2010, and February 11, 2010. *Id*., Exhibit A, Foreclosure Deed. The foreclosure sale was conducted at 1:00 p.m. on the steps of the Coffee County Courthouse in Elba, Alabama. *See* Doc. 19, Quittmeyer Affidavit. Wells Fargo was the highest (and only) bidder and made a credit bid in the amount of $123,300.00. *Id*. The Foreclosure Deed was recorded at the Coffee County Probate Court. *Id*., Exhibit A, Foreclosure Deed. All this was done in accordance to the contract between the parties. As to the above, there is no question summary judgment is due for the principal remaining balance, late fees, and appraisal.

Next, the Court must look to South Dakota law as to whether the interest is appropriate. S.D. CODIFIED LAWS § 54-3-6 provides that "any legal rate of interest, stipulated by a contract, remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation." Therefore, the accrued interest is appropriate and governed by the Promissory Note. Cheng's undisputed affidavit shows the interest calculation to be $13,913.83 through February 5, 2010 and $20.61 per diem after that. The summary judgment requests fourteen (14) days of the $20.61 per diem, which is clearly established by the evidence since the foreclosure occurred on February 19, 2010 and the summary judgment motion was filed on February 23, 2010. *See* Doc. 19. Therefore, summary judgment is due to be granted on the requested interest.

## B.     Attorney's Fees

Finally, Wells Fargo requests $20,000.00 in attorney's fees. "In Alabama and most other jurisdictions, the general rule is that attorney's fees and expenses of litigation are not recoverable as damages, in the absence of a contractual or statutory duty, other than by a few recognized equity principles." *Ex parte Burnham, Klinefelter, Halsey, Jones & Cater, P.C.*, 674 So.2d 1287, 1290 (Ala. 1995) (internal modifications and citation omitted). Thus, a mortgagee may recover attorney fees incurred when the contract imposes a duty on the mortgagor to pay those fees. *See Lunceford v. Monumental Life Ins. Co.*, 641 So.2d 244, 247 (Ala. 1994). The Alabama Supreme Court has also stated that "[t]he claim for an attorney's fee is as much a part of the contract as any other feature of it. Such fees, under the contract,

become an effective part of the main debt." *Taylor v. Jones*, 290 Ala. 268, 276 So.2d 130 (1973).

The Agreement at issue clearly provides for the recovery of attorneys fees. *See* Doc. 19, Exhibit A to Cheng Affidavit. Thus, the Court finds that attorney's fees are recoverable. Now the Court must determine the reasonableness of the $20,000.00 request. The sole evidence provided on this subject is an affidavit by counsel wherein he states $20,000.00 is a reasonable fee based on fees already incurred through January 2010 and anticipated fees based on the motion for summary judgment, the foreclosure on February 19, 2010, and post-judgment collection efforts. *See* Doc. 19, Affidavit of Henry Calloway. Generally, an affidavit must be more specific than a number and a statement that based on his experience, the attorney finds it reasonable. Normally, the affidavit should submit a statement of the fees and costs with an itemization of the fees, expenses, and costs sought. However, "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee." *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Alabama Supreme Court has set forth twelve criteria that a trial court may consider in setting attorney fees: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional

relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. *Knox Kershaw, Inc. v. Kershaw*, 598 So.2d 1372, 1374 (Ala. 1992) (citing *Peebles v. Miley*, 439 So.2d 137, 140-41 (Ala.1983)). Rarely will all twelve criteria be applicable in a given case, and those that are applicable need not all support the amount awarded. *Id*.

In looking to the instant request for $20,000.00 in attorney's fees, the Court determines the request is reasonable. The fee is in line with other suits on promissory notes in the area. Counsel Henry Calloway is an experienced practitioner with over twenty years of business litigation experience. He was successful in obtaining a judgment for his client. In addition, he expended considerable time and energy up front simply trying to get the defendant properly served because defendant avoided service. Ultimately, Calloway had to request an order for service by publication and follow through the with the necessary steps to do so. *See* Docs. 5-9, 12. Calloway provides that he incurred $12,600.00 in legal fees through January 2010, but did had not yet incurred the fees for the motion for summary judgment, foreclosure on the property, and the ultimate post-judgment collection efforts - which this Court suspects will be much like the issues related to service.[1]

---

[1]     Generally the practice of this Court would be to require a detailed accounting and updated affidavit. However, in this case it is not necessary because the reasonableness of the request was easily determined by the underlying facts. However, counsel is advised for the future, that affidavits in support of attorney's fees should provide detailed support for his request.

Based on all the above, the Court finds that the requested judgment of $125,558.27 - which consists of the previously discussed judgment plus attorney's fees - is due to be granted.

## V.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)    Plaintiff's *Motion for Summary Judgment* (Doc. 19) be **GRANTED**;

(2)    Judgment be entered in the amount of **$125,558.27** in favor of the Plaintiff.

(3)    Any other outstanding motions be **DENIED as moot**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **April 27, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 13th day of April, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE